## Farmer v. Greene, etc.

(Decided November 5, 1914.)

### Appeal from Graves Circuit Court.

Equity—Principles and Maxims.—One who claims the benefits of a wrongful act, although not himself in pari delicto, of necessity adopts such wrongful act as his own, and brings himself within the rule that a party will not be permitted to take advantage of his own wrong.

HESTER & HESTER for appellant.

MOORMAN & WARREN for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On March 13, 1897, S. E. Farmer and his wife, Capitola Farmer, executed and delivered to B. F. Greene their joint promissory note in the sum of sixteen dollars and fifty cents, due twelve months after date, with six per cent. interest until paid. As security therefor, they mortgaged to him a certain piece of land in Graves County containing 28 acres. This land was the property of the wife, Capitola Farmer.

Thereafter, on April 9, 1909, Farmer executed to Greene his individual unsecured note in the sum of fifty dollars, due one day after date with interest at six per cent. until paid.

On October 20, 1910, Greene sued Farmer on these notes, alleging that his wife, Capitola Farmer was dead, and notwithstanding her death and the fact of her ownership of the property, and the further fact that the

mortgage was given to secure only one of the notes sued on, and without making the heirs of Capitola Farmer parties to the action, he prayed for a sale of the land in satisfaction of both notes.

On June 25, 1912, a judgment was entered against Farmer, he having made no defense, in the sum of $82.10, and a sale of the land was ordered in satisfaction of the judgment. It being adjudged that the property was indivisible, it was ordered to be sold as a whole, and the proceeds of sale, if any should remain after the payment of the judgment and costs, were to be paid to the defendant, Farmer.

As shown by the exhibits filed with the petition, interest had been paid on the mortgage note up to March 13, 1907, and the sum of $34.45 had been paid on the $50 note on May 1, 1911, so that at the date of the judgment, the amount really due on the $16.50 mortgage note was $21.70 and on the $50 unsecured individual note, $23.50, making a total of $44.20, due on both notes, instead of $82.10, the amount of the judgment.

The land was sold by the commissioner. It was appraised at $150, and brought $320, J. K. Johnson becoming the purchaser.

On March 3, 1913, by order of the court a deed was executed by the court's commissioner to the purchaser of the land.

Thereafter, on April 9, 1913, the purchaser, J. K. Johnson, appeared and offered to file his petition to be made a party to the action, alleging in said petition that the amount of the judgment against Farmer was a misprision, and should be corrected; that the land sold was Capitola Farmer's at the time of her death and that her four daughters were claiming said land; that Greene, the plaintiff, knew the facts concerning the ownership of the land when he instituted the action and when the judgment was rendered ordering it to be sold; and he prayed that the daughters of Capitola Farmer be brought before the court and required to assert their rights; that the proceeds of the sale be retained by him or by the commissioner until the rights of all the parties could be adjudicated. This petition was made a cross-petition against the daughters mentioned, and they were duly summoned.

They answered and asserted that their mother was the owner of the land and prayed that it be adjudged

that the purchaser, J. K. Johnson, took by his said purchase only the curtesy interest of S. E. Farmer.

Johnson thereupon filed a motion to vacate the judgment and order of sale and the order confirming the report of sale. He alleged that Capitola Farmer purchased from three of the heirs of one Elijah Farmer their undivided interests in a certain tract of land; that J. M. Farmer was the owner of the remaining shares therein; that J. M. Farmer and Capitola Farmer then made a parol partition of the land so owned by them, which was acquiesced in for more than fifteen years, and that the part so held by Capitola Farmer is the land which was sold under the order of sale in this action and purchased by him; that her ownership and title were well known to the plaintiff, Greene, at the time this action was instituted and when the judgment was rendered; that in fact Greene had purchased from Capitola Farmer a part of the original tract by her so acquired, and had taken from her a deed reciting her ownership and the manner of the derivation of her title; and that despite this knowledge of the ownership of Capitola Farmer, plaintiff, Greene, had procured a sale of the land in satisfaction of the judgment herein including both of the notes sued on. He further charged that Farmer fraudulently obtained to be included in the judgment and order of sale the provision that the remainder of the proceeds of sale after the payment of the plaintiff's debt, interest and costs, should be paid to Farmer, when he was not thereto entitled.

He further charged that Greene, after the judgment and order of sale was rendered and before the sale of the land, stated to him that he could obtain a good and perfect title to the property. He prayed that the sale be set aside.

This motion was treated as a petition. Farmer entered a demurrer to it, which was overruled. He then answered, denying that he fraudulently procured to be inserted in the judgment and order of sale the provision that the proceeds of the sale, after the payment of plaintiff's debt, interest and costs, should be paid to him. He alleged that he, in good faith, filed exceptions to the commissioner's report and resisted the confirmation of the sale; but that he has since "accepted and now accepts the inevitable," and elects to stand by the sale.

This answer was filed by the attorneys who represent appellant upon this appeal. They had not thereto-

fore represented him.   They say in their brief that when
Farmer came to them, "the burden of his song was to
get his land back," but "we advised him to let them
keep his old land, as they had it any way, and to demand
the purchase money left after paying his notes and
costs of the suit."

Farmer's "acceptance of the inevitable" involved
not only his acquiescence in a judgment against him for
about double the amount he owed, and also his acquies-
cence in the order of sale of the land to satisfy an
amount four times greater than the lien debt, but also
his getting for his interest in the land the sum of $192.50
of the proceeds of the sale, when the value of his inter-
est based upon the appraised value of the land was less
than thirty dollars, or based on the price which it
brought at the sale, was worth less than sixty dollars.

Greene failed to answer or plead to the petition to
vacate the judgment and sale and proceedings there-
under; and the cause having been submitted on the
pleadings, the court adjudged that the original judg-
ment, the sale of the land thereunder and order confirm-
ing the sale, be set aside, the deed canceled and the pur-
chase money restored to the purchaser.   The daughters
of Capitola Farmer were adjudged to be the owners of
the land subject to the curtesy interest of S. E. Farmer;
and the land being indivisible it was ordered to be sold;
two-thirds of the proceeds to be paid to the daughters of
Capitola Farmer, and the remaining one-third to be held
subject to the further orders of the court; all other
questions were reserved.

Neither the plaintiff, Greene, nor Johnson, the pur-
chaser, nor the daughters of Capitola Farmer, are com-
plaining of this latter judgment.   Farmer alone is ap-
pealing therefrom.

1.   Appellant admits that under the law he is not en-
titled to the remainder of the proceeds of the sale of the
land after paying the judgment and costs, for he was
not the owner of the land, but merely of a curtesy in-
terest therein; but he contends that a judgment having
been entered adjudging to him the proceeds of the sale
after payment of the judgment and costs, he should be
permitted to accept the "inevitable;" or, in other words,
that he should not be deprived of something which is
not his, in law, equity or good conscience.

But that judgment was wrongfully entered; and
while Farmer denies that he had any participation

therein, he knew the condition of the title to the land, and can not avail himself of the wrongful act of the plaintiff in causing the judgment to be entered. It is charged in the record, and not denied by plaintiff Greene, that he knew the facts which made the entering of that judgment a wrongful act. And, while appellant contends that he was not in any way instrumental in procuring the judgment to be entered, still by his present claim to the residue of the proceeds of the sale, he of necessity adopts as his own act, the wrongful entering of the original judgment, and thereby renders himself *in pari delicto* with Greene, and brings himself within the rule that a party will not be permitted to take advantage of his own wrong.

Judgment affirmed.